UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LeROY a/k/a DEREK LeROY McSMITH | CIVIL ACTION |
| VERSUS | NO:  06-3426-HGB-SS |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |

**REPORT AND RECOMMENDATION**

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and 28 U.S.C. § 1915(e)(2).  Rec. doc. 31.  The defendant, Phillips & Jordan, Inc. ("P&J"), was ordered to file a motion for summary judgment, and the plaintiff, LeRoy a/k/a Derek LeRoy McSmith ("LeRoy"), was required to file an opposition.  Rec. doc. 36.  P&J and LeRoy complied with the order.  Rec. docs. 46, 51 and 52.  Based on the record and the law, it is recommended that P&J's motion for summary judgment be granted.

PROCEDURAL BACKGROUND

LeRoy filed this action on July 6, 2006.[1]  Rec. doc. 1.  He is proceeding in proper person and

---

[1] Since then LeRoy has filed at least seventeen actions in the Eastern District of Louisiana and at least ten actions in the Middle District of Louisiana.  The actions in the Eastern District are:

*McSmith v. Stor-All New Orleans, Inc.*, 06-4501-KDE.  LeRoy alleges that the defendant terminated his lease on a

storage unit and seized his property without proper notice.

*McSmith v. Blackwater, Inc.*, 06-4601-HGB. Leroy alleges that the defendant denied him access to a New Orleans public library. In an amended complaint additional defendants, including the U.S. Marshal's Service, are alleged to have conducted an illegal search at the federal courthouse in Baton Rouge.

*McSmith v. Kurt D. Engelhardt*, 06-5363-HGB. LeRoy alleges that District Judge Engelhardt failed to address his motion for emergency relief in 06-4501.

*McSmith v. Sarah S. Vance*, 06-5365-SRD. LeRoy alleges that District Judge Vance denied LeRoy due process and the right to appear at a hearing on his motion for injunctive relief in 06-3426.

*McSmith v. United States*, 06-5618-AJM. LeRoy alleges that the complaint and summons in 06-4501 were not timely served by the United States Marshal's Service.

*McSmith v. United States*, 06-8673-LMA. LeRoy alleges that the United States Postal Service did not give him a refund for a certified mail charge that he paid.

*McSmith v. State of Louisiana*, 06-8903-MLCF. LeRoy alleges that the Louisiana Department of Public Safety refused to accept his mailing containing a request for a permit for a concealed firearm.

*McSmith v. Piper Griffin*, 06-9828-LMA. LeRoy complains of the rulings by a state court judge in his dispute with Stor-All.

*McSmith v. Bruce J. McConduit*, 06-9968-EEF. LeRoy complains of rulings by a state court judge, actions by the United States Marshal's Service, and rulings by the undersigned and District Judges Feldman and Africk.

*McSmith v. Chelsey Napoleon*, 06-10517-MLCF. LeRoy was denied copies by the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

*McSmith v. Madeline M. Landrieu*, 06-10832-LMA. LeRoy complains of actions by a state court judge.

*McSmith v. Loretta Whyte*, 06-10833-JCZ. LeRoy alleges that the Clerk for this Court did not enter a default a judgment in 06-4601.

*McSmith v. U.S. Department of Housing and Urban Development*, 06-10903-HGB. LeRoy complains of discrimination in the rental of a housing unit in Baton Rouge.

*McSmith v. Eric Baehr*, 06-11200-CJB. LeRoy alleges that Baehr and other members of the United States Marshal's Service improperly issued him a summons for blocking the entrance to a public passage.

*McSmith v. U.S. Marshal's Service*, 06-11379-HGB. LeRoy alleges that: (a) U.S. Marshal engaged in unprofessional conduct; (b) an employee of the United States Postal Service failed to deliver his birth certificate; (c) Louisiana and Minact, Inc. committed fraud in administering a sate program; and (d) District Judge Berrigan acted improperly as to some of his complaints filed in this Court.

in forma pauperis. Rec. doc. 3. On July 20, 2006, he filed an amended complaint. Rec. doc. 8. On July 24, 2006, he filed a request for an order enjoining P&J from conducting any further operations on the ground that violated Title VII of the Civil Rights Act, 42 U.S.C. 2000e. Rec. doc. 12. P&J filed an answer. Rec. doc. 17. The Equal Employment Opportunity Commission ("EEOC") filed a motion to dismiss. Rec. doc. 22. On October 13, 2006, LeRoy dismissed his claims against all the defendants except for P&J. Rec. doc. 23. The District Judge denied, without prejudice, seven motions filed by LeRoy. Rec. doc. 31.

On December 15, 2006, LeRoy filed a motion for relief pursuant to Fed. R. Civ. P. 60(b)(6) which the undersigned denied as premature. Rec. doc. 38. On January 5, 2007, LeRoy filed an affidavit pursuant to 28 U.S.C. § 144 and objected to the order denying his Rule 60(b) motion. He contended the order demonstrated bias against him. The undersigned determined that the facts stated in his affidavit were legally insufficient to demonstrate bias or prejudice and his request to recuse the undersigned was denied. Rec. doc. 41.[2]

---

*McSmith v. Wayne Parker*, 07-0054-SRD. LeRoy alleges that Parker, an employee of the Eastern District Clerk's Office, should not inform him of deficiencies in his pleadings when he attempts to file them.

*McSmith v. Alma L. Chasez*, 07-656-MLCF. LeRoy seeks to enjoin Magistrate Judge Chasez of this Court from issuing any decisions in any matter in which he is involved. Magistrate Judge Wilkinson of this Court issued a report and recommendation that: (1) LeRoy's complaint be dismissed as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2); (2) the Clerk be ordered not to accept any further filings from LeRoy unless the pleading is accompanied by an order granting him leave to file; and (3) the Clerk be ordered not to accept any future initial civil pleadings of any kind from LeRoy unless accompanied by advance written permission of a District Judge of this Court. Rec. doc. 2 in 07-656.

*McSmith v. United States*, 07-1081-MVL. LeRoy alleges that the Secretary of Labor did not provide a timely response to a Freedom of Information Act request.

[2] It came to the undersigned's attention that on January 18, 2007, LeRoy filed an amended complaint in Leroy v. United States Marshal's Service, et al, 06-9968-EEF, in which the undersigned was named as a defendant. LeRoy objected to the undersigned's orders denying him a discovery conference prior to requiring him to submit an opposition to P&J's motion for summary judgment. Rec. doc. 8 at p. 3. Adverse rulings are not grounds for disqualification.

PLAINTIFF'S ALLEGATIONS

LeRoy alleges that: (1) in February, 2006 he inquired with P&J about being hired as a contractor or employee in its New Orleans area disaster recovery work; (2) he was informed by unidentified persons that he was required to complete a P&J subcontractor online application; (3) he was informed by unidentified persons that he must meet four requirements for insurance identified on the application, for example at least $1,000,000 in auto liability insurance; and (4) less than twenty-five percent of the firms identified by LeRoy complied with these insurance requirements.[3]  Rec. doc. 1 at p. 4.  LeRoy also alleges that: (1) on April 1, 2006, he filed a complaint with the EEOC in which he contended that P&J discriminated against him on account of his race, African-American; (2) P&J satisfied the monetary element of the charge; and (3) P&J declined to make him whole via a position paying the same rate as his previous position.  Rec. doc. 1 at p. 2.  LeRoy's amended complaint states, in part, that he "seeks relief that would be consistent with the revenue generated by those contractors hauling refrigerators and freezers under the category designated by" P&J.  Rec. doc. 8 at p. 2.  There is no documentation relating to this statement attached to the amended complaint.

P&J'S MOTION FOR SUMMARY JUDGMENT

P&J submitted an affidavit, dated January 18, 2007, from Clint Stephens, who stated that: (1) he was coordinator of sub-contractors for P&J; (2) it has only four sub-contractors in this area;

---

United States v. Clark, 605 F.3d 939, 942 (5th Cir. 1979).  The filing of the amended complaint did not require recusal. Rec. doc. 50.

[3] The alleged insurance requirements and contractor lists are attached to the complaint.  See Rec. doc. 1 at pp. 8-13.

4

(3) its subcontractors, including Durr Heavy Construction, LLC and Omni Pinnacle, do not provide insurance for their subcontractors, including persons similarly situated to LeRoy; (4) it has no record of an application from LeRoy to become one of its subcontractors; (5) it has no record that he was employed by it any capacity in 2006; (6) it has no record of any payment in the last two years to LeRoy in any capacity, including that of employee or sub-contractor; and (7) it did not discriminate against LeRoy in any fashion based on his race. Rec. doc. 46-4 at pp. 1-2. P&J contends that based on these facts, it has no liability to LeRoy.

LEROY'S OPPOSITION

LeRoy submitted no evidence with his opposition. There is no documentation that: he received any payments from P&J; concerning the EEOC charge; he submitted any application in any capacity either to P&J or its subcontractors; persons similarly situated to him were treated more favorably than he was; or that P&J discriminated against LeRoy on account of his race.

LeRoy states that the issue is concerned with "contractors who applied online and completed the application then received projects that required contractors to turn in an employee time sheet or any other documents verifying hours or work performed to P&J." Rec. doc. 52 at p. 3. Assuming this statement is true, he does not explain how such a practice discriminates against him and violates Title VII. Indeed, the requirement that contractors turn in records to P&J to verify performance is reasonable.

LeRoy states that there is an issue as to the obligations incurred by P&J in its contract with FEMA and the obligations of those that contract with P&J. In order to respond to the motion for summary judgment he seeks: (1) the contract between FEMA and P&J; (2) the contracts between

P&J and its contractors; and (3) P&J's certificate of authority to do business in Louisiana. LeRoy submitted a request for production of additional documents, but does not set forth how this information will enable him to set forth specific facts demonstrating that there is a genuine issue for trial. Rec. doc. 51.

LeRoy argues that it was unproductive for him to submit an application to P&J because of the insurance requirements. He states it was common knowledge that "contractors for the contractor of P&J who did not have the required insurance were provided the opportunity to use the insurance belonging to the contractor of P&J. . . ." Rec. doc. 52 at p. 2.

## ANALYSIS

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Wyatt v. Hunt Plywood Co., Inc., 297 F.3d 405, 408-09 (5th Cir.2002). When assessing whether a dispute as to any material fact exists, all of the evidence in the record is considered. The court must refrain from making credibility determinations or weighing the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097 (2000). Instead, all reasonable inferences must be drawn in favor of the nonmoving party. Id.; Wyatt, 297 F.3d at 409. However, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994). Summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct.

2505 (1986).

Title VII prohibits discrimination in the employment context. 42 U.S.C. § 2000e-2(a). Generally only employers may be liable under Title VII. <u>Turner v. Baylor Richardson Medical Center</u>, ____ F.3d ____, (5th Cir. 2007), 2007 WL 122003, *2. LeRoy's complaint alleges that he received a payment from P&J in resolution of an April 2006 EEOC charge. P&J has produced evidence that it did not employ LeRoy and it has no record of any payment to him within the last two years. LeRoy produced no evidence to demonstrate his employment by P&J or any payment to him by P&J. It is undisputed that Leroy was not employed by P&J. It is entitled to summary judgment on all claims made by LeRoy based on his alleged employment by P&J.

LeRoy contends that P&J contracted with FEMA to perform disaster recover work. He argues that in subcontracting out that work, P&J discriminated against him on account of his race because of the requirements for insurance. In a disparate treatment case involving an individual, the plaintiff has the initial burden of demonstrating a <u>prima facie</u> case of discrimination. A plaintiff meets this initial burden by demonstrating that: (1) he belongs to a racial minority; (2) he applied for and was qualified for the position for which the defendant was seeking applicants; (3) despite his qualifications, he was rejected; and (4) after his rejection, the position remained open and the defendant continued to seek applications from persons who possessed his qualifications. <u>Anderson v. Douglas & Lomason Co., Inc</u>., 26 F.3d 1277, 1297-98 (5th Cir. 1994), cert. den. 513 U.S. 1149, 115 S.Ct. 1099 (1995). By his own admission LeRoy did not submit an application to P&J. Assuming, as LeRoy contends, that it was unproductive for him to submit an application, he does not demonstrate that he was qualified for any position with P&J either as an employee or as a

7

subcontractor. While LeRoy states the alleged practice of P&J or its contractors was common knowledge, he offers no evidence of the practice. P&J's affidavit demonstrates that its subcontractors do not provide insurance for their subcontractors, including persons similarly situated to LeRoy. In addition, LeRoy does not demonstrate how the insurance requirements were used to discriminate against him on account of his race. He has not established a prima facie case of discrimination. His conclusory allegations of discrimination are insufficient to defeat P&J's motion for summary judgment. P&J is entitled to summary judgment on all claims by LeRoy that it discriminated against him on account of his race.

## RECOMMENDATION

IT IS RECOMMENDED that P&J's motion for summary judgment (Rec. doc. 46) be GRANTED and LeRoy's complaint be dismissed with prejudice.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 5th day of March, 2007.

                                            **SALLY SHUSHAN**
                                   **United States Magistrate Judge**